**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                                               **PLAINTIFF**

**v.**                                          **NO. 4:13CR00004-001 KGB**

**JULIO CESAR GARCIA**                                                                   **DEFENDANT**

**ORDER**

On July 15, 2013, the Court conducted a pretrial conference with counsel for the government and defendant Julio Cesar Garcia.  Mr. Garcia was present.  The Court made the following rulings and addressed the following matters:

1.      Defense has no objection to the government's proposed voir dire question.

2.      The government has no objection to the defense's proposed voir dire question.

3.      Parties agree to proposed statement of the case.

4.      Parties agree not to permit jurors to ask questions.

5.      As to Notice of Intent To Use Certain Evidence (Dkt. No. 21), defense not stipulating to any exhibits prior to trial.  Counsel will raise objections as evidence is introduced and offered during the course of trial.

6.      As to the government's first motion in limine (Dkt. No. 22):

(1)      Plea negotiations – defense does not intend to offer.  Granted; approach if later becomes an issue.

(2)      Punishment – defense does not intend to offer.  Granted; approach if later becomes an issue.

(3)      Children in U.S. and ties to community – defense does not intend to argue this is a defense but is concerned with the broad scope of the requested

prohibition on evidence.  Due to the broad scope of the requested prohibition, the motion is denied.  Objections to evidence should be raised at the time offered.

(4)     Belief that reentry was lawful – Although good faith belief or reasonable mistake defense is unavailable under § 1326, due to the broad scope of the requested prohibition and because the defense has no obligation to disclose in advance its theory of the defense, the motion is denied.  Objections to evidence should be raised at the time offered.

7.     As to government's second motion in limine (Dkt. No. 23):

(1)     Agreed.  Granted; the defense represents it does not intend to challenge collaterally prior removals of Mr. Garcia.

8.     As to the defense motion in limine (Dkt. No. 24):

(1)     Granted, unless and until Mr. Garcia takes the stand and opens the door.

(2)     Agreed as to redaction of aggravated felony reference or references from Exhibits 2, 7, 9, and similar documents that reference prior conviction.

SO ORDERED this 15th day of July, 2013.

Kristine G. Baker
United States District Judge